UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JANET C. TACORONTE AND
JC LAW PA,
Petitioners/Plaintiffs,

vs.

UNITED STATES OF AMERICA,
Respondent/Defendant.
_____/



15-mc-61588-Marra/Matthewman

## PETITION TO QUASH SUMMONS

Janet C. Tacoronte and JC LAW PA (hereinafter Petitioners), pro- se, respectfully petitions this Court to quash a summons issued by the
Internal Revenue Service (hereinafter the IRS) to JP MORGAN CHANSE BANK N.A "in the matter of "JC LAW PA."

This Court has jurisdiction over this matter pursuant to 26 USC (hereinafter referred to as "IRC") §7609(h) - Jurisdiction Of District Court; Etc. and more specifically IRC §7609(h)(1) which provides that the United States District Court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection IRC §7609 (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

This summons is addressed to JP MORGAN CHASE BANK, 7610 WEST WASHINGTON STREET, INDIANAPOLIS, IN 46231, which is within the jurisdiction of this Court. However, the records or testimony sought in this summons ***does not relate to the petitioners JANET C, TACORONTE OR JC LAW PA,*** nor does it relate to the IRS's individual audit of their form 1040 for 2011. It solely requests various financial trust account information relating TO JC LAW PA t #. In support of this petition,
Petitioners would show as follows.

## INTRODUCTION

In response to an IRS summons for JC LAW PA's law firm's account records.

1. The Summoned materials are protected by a privilege FOR ACCOUNTS #4162 AND #4188. Both of these accounts are TRUST ACCCOUNTS.

2. The remaining accounts the documents being requested by the IRS have been provided on numerous occasions to the IRS in 2014, 2013, 2012.

3. Their request is completely irrelevant to the determination of civil tax liability of JC Law PA and/or Janet C. Tacoronte.

4. The summons solely seeks to obtain financial trust account information.

For these reasons and the reasons discussed below, we believe that this summons was issued in bad faith and should be quashed.

## MEMORANDUM OF LAW

### I.

### THE RECORD BEFORE THIS COURT DEMONSTRATES THAT THE INTERNAL REVENUE SERVICE IS ACTING IN BAD FAITH AND THAT ENFORCEMENT OF THE SUMMONS THAT IS THE SUBJECT OF THIS MOTION WOULD CONSTITUTE AN ABUSE OF THIS COURT'S PROCESS

Title 26 U.S.C. §7609(b)(2)(A) states:

Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Title 26 U.S.C. §7609(h)(1) provides:

The United States district court for the district within which the person determine any proceeding brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Congress has "authorized and required" the IRS "to make the inquiries, determinations, and assessments of all taxes" the Internal Revenue Code imposes.
§6201(a). In support of that authority, Congress has granted the Service broad latitude to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability."§7602(a). Such a summons directs a taxpayer or a third party to appear before an IRS official and to provide sworn testimony or produce "books, papers, records, or other data . . . relevant or material to [a tax] inquiry." §7602(a)(1). In that proceeding,

2 |

the Supreme Court held, the IRS "need only demonstrate good faith in issuing the summons." *United States v. Stuart*, 489 U. S. 353, 359 (1989).

In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248 (1964), the Supreme Court enunciated the analytical framework that governs enforcement decisions. For the government to establish a prima facie case for enforcement, it must demonstrate that (1) the investigation has a legitimate purpose, (2) the information summoned is relevant to that purpose, (3) the documents sought are not already in the IRS's possession, and (4) the procedural steps required by the tax code have been followed. *Id.* at 57-58, 85 S.Ct. 248.
"The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982). Once the government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or "demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process." *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir.1981).

A person receiving an IRS summons is entitled to contest it in an enforcement proceeding. See *United States v. Bisceglia*, 420 U. S. 141, 146 (1975); Powell, 379 U. S., at 57–58; *Reisman v. Caplin*, 375 U. S. 440, 449 (1964). The power "vested in tax collectors may be abused, as all power" may be abused. *Bisceglia*, 420 U. S., at 146. In recognition of that possibility, Congress made enforcement of an IRS summons contingent on a court's approval. See 26 U. S. C. §7604(b).

Accordingly, the Supreme Court long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of "oversee[ing] the [IRS's] determinations to investigate." Powell, 379 U. S., at 56. So too, the court stated that absent contrary evidence, the IRS can satisfy that Case standard by submitting a simple affidavit from the investigating agent. See Stuart, 489 U. S., at 359–360. However:

> As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. Although bare assertion or conjecture is not enough, neither is a fleshed out case demanded: The taxpayer need only make a showing of facts that give rise to a plausible inference of improper motive. That standard will ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.

*United States v. Clark*, 573 U.S.___(2014)(emphasis added).

In *United States v. Monumental Life Insurance Company*, 440 F.3d 729 (6th Cir. 2006) Monumental Life Insurance Company appealed from the district court's order enforcing an administrative summons issued by the Internal Revenue Service (IRS). As in the instant case, the

3 |

summons requested voluminous documents from Monumental, a third party in the IRS's investigation of Johnson Systems, Inc. In the course of reversing the order of the District Court and quashing the summons, the Sixth Circuit stated:

> Monumental, because it is a third party to the IRS's investigation of the taxpayer Johnson, deserves greater protection against a burdensome summons. *See United States v. Bisceglia,* 420 U.S. 141, 157, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975) (holding that federal courts should scrutinize summonses issued to third parties with extra care) (superseded by statute on other grounds).

*Id.* at 735. The Court quashed the summons finding that Monumental was a third party and that the IRS had sought a voluminous amount of highly sensitive proprietary information, some of which the government already possessed. *Id.* At 736.

In the case before this Court, despite the fact of all the taxpayers cooperation, investment of time and money and the failure of the IRS to prove any material deficiency in tax, the IRS now, in bad faith, having not found any material adjustments to the taxpayers tax returns as filed, is summoning JP MORGAN CHASE to provide a law firm's trust account records. Based upon the IRS's failure to find any material discrepancies in the taxpayers tax returns as filed and based upon the specific information summoned from the bank, we believe the IRS is unjustly causing this taxpayer to incur great expense, not to defend itself, but to help the IRS gather information relating to other taxpayers that are currently under audit. Therefore, we believe that the summons is not issued in good faith, have nothing to do with determining the taxpayers' correct tax liability, and we respectfully request this Court find in favor our motion to quash the summonses. The constraints placed on the IRS by IRC §7602 are set forth in *U.S. v. Powell*, 379 U.S. 48 (1964). Under *Powell*, a court will enforce a summons if:
• The examination is being conducted for a legitimate purpose.
• The summons seeks information that *may be* relevant to a determination of
civil tax liability.
• The IRS is not already in possession of the material.
• The proper administrative steps have been followed.
>The administrative steps required by the Code for the issuance of a summons were not followed since:
• The examination is not being conducted for a legitimate purpose.
The administrative steps required by the Code for the issuance of a summons
were not followed since:
>This summons seeks information that that is completely irrelevant to the determination of civil tax liability of JC LAW PA.

Because we believe that the above demonstrates bad faith on the part of the
IRS we believe that the summons should be quashed.

4 | Page

## II.

## THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES SHIELDS A TAXPAYER'S BANK ACCOUNT RECORDS FROM PRODUCTION IN THE ABSENCE OF A SEARCH WARRANT ISSUED BY A COURT OF THE UNITED STATES BASED UPON A SHOWING OF PROBABLE CAUSE

In *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619 (1976) the Supreme Court held that a depositor does not have a reasonable expectation of privacy in the records of his account maintained by a bank pursuant to the Bank Secrecy Act. Justice Powell, writing for the majority of the Court, reasoned that there was no expectation of privacy in the contents of a bank record because "checks are not confidential communications but negotiable instruments to be used in commercial transactions." Specifically, "financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." As such, "The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government." *Id.* at 443-444.

In so holding, the Court did not consider the extent to which the government can obtain information about a person's most confidential affairs through an analysis of bank account records. But such an analysis was recently made by Justice Roberts, speaking for a unanimous Court in *Riley v. California*. In *Riley* the court held that the Fourth Amendment prohibits the government from examining the contents of a person's cell phone absent a warrant.

In *Riley* Justice Robert's rejected the government's argument that an individual did not enjoy an expectation of privacy in those records maintained in electronic devices carried on the person. In so holding, Justice Roberts analyzed the expectation of privacy in a very different way than did Justice Powell. According to Justice Roberts, the arrest of an individual may diminish the person's expectation of privacy, but it does not do away with it entirely. Slip op. at 20. Justice Roberts pointed out that cell phones are mini-computers which just "happen to have the capacity to be used as a telephone." This gives people the ability to keep on their person "every picture they have taken, or every book or article they have read," which otherwise they would have to carry in a trunk, an item that the Court's previous cases held requires the government to obtain a warrant to search.

Seizing the contents of a cell phone gives the government the ability to reconstruct the sum of an individual's private life, "reconstructed through a thousand photographs labeled with dates, locations, and descriptions...." Justice Roberts observed that while "A person might carry in his pocket a slip of paper reminding him to call Mr. Jones; he would not carry a record of all his communications with Mr. Jones for the past several months, as would routinely be kept on a phone. *Id.* at 23. Indeed, "it is no exaggeration to say that many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly **every** aspect of their lives—from the mundane to the Intimate." *Id.*

For example, the government could readily learn everything about an individual's "private interests or concerns—perhaps a search for certain symptoms of disease, coupled with frequent visits to WebMd." Further, "Data on a cell phone can also reveal where a person has

been." *Id.* As a result a person's "specific movements down to the minute, not only around town but also within a particular building," could be uncovered. *Id.* at 24. A mere examination of the "apps" found on a cell phone could reveal whether a person was a Democrat or a Republican, whether they had an addiction, or were pregnant, etc. *Id.*

      A similar analysis was recently employed by the Eleventh Circuit Court of Appeals in *United States v. Quartavious Davis*, Case No. 12-12928 (11th Cir. June 11, 2014). In that case the defendant (charged with bank robbery) argued that the trial court erred in admitting location evidence based on stored cell site information obtained by the prosecution without a warrant, in violation of his Fourth Amendment rights. The Eleventh Circuit agreed. The Eleventh Circuit relied heavily on the decision of the District of Columbia Circuit's decision in *United States v. Maynard*, 615 F.3d 544, 549 (D.C. Cir. 2010)(certiorari granted, affirmed on other grounds, *United States v. Jones*, ___U.S.___, 132 S.Ct. 945 (2012):

> The Court of Appeals for the District of Columbia Circuit reviewed the Fourth Amendment issue and noted that the prosecution had employed the GPS device to track Jones's "movements continuously for a month.". The court considered the government's argument that each of Jones's movements over the month was exposed to the public, and that therefore, he had no reasonable expectation of privacy in them. The court rejected this argument, noting that "the whole of one's movements over the course of a month . . . reveals far more than the individual movements that it comprises. The difference is not one of degree but of kind, for no single journey reveals the habits and patterns that mark the distinction between a day in the life and a way of life, nor the departure from a routine that . . . may reveal even more." *Id.* at 561–62.
> By way of example, the court noted that "[r]epeated visits to a church, a gym, a bar, or a bookie tell a story not told by a single visit . . . ." *Id.* at 562. The court noted further that "the sequence of a person's movements can reveal still more; a single trip to a gynecologist's office tells little about a woman, but that trip followed a few weeks later by a visit to a baby supply store tells a different story." *Id.*
> The court recalled the "mosaic theory" often relied upon by the government "in cases involving national security information." *Id.* As the Supreme Court has observed in that context, "what may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context." *CIA v. Simms*, 471 U.S. 159, 170 (1985) (internal quotation marks and citations omitted). The circuit reasoned that although each element of Jones's movements throughout the month might have been exposed to the public, the "aggregation of [those] movements over the course of a month," was not so exposed, and his expectation of privacy was reasonable. *Maynard*, 615 F.3d at 563.

Slip Op. 14-15.

The Eleventh Circuit pointed out that when the Supreme Court was first asked to protect communications on an expectation of privacy theory, the court rejected the notion. *Olmstead v. United States*, 277 U.S. 438 (1928)(holding that Fourth Amendment was not violated in the absence of a trespass). Ultimately that theory prevailed, *Katz v. United States*, 389 U.S. 347 (1967)(finding Fourth Amendment violation in wiretapping of conversation despite absence of a trespass). Indeed the whole notion of what constitutes a reasonable expectation of privacy, what Samuel Warren and Louis Brandeis called "the right to be left alone," has evolved from when they first argued for the recognition of a common law right to privacy in their seminal article published in the Harvard Law Review in 1891.4 Indeed as Professor Ken Gormley has observed:

> The key to understanding legal privacy as it has developed over 100 years of American life, it will be argued, is to understand that its meaning is heavily driven by the events of history. What constitutes an engine of privacy in the year 1890, is not necessarily the same thing which formulates a societal notion of privacy in the United States in 1939, or 1968 or 1973. Rather, like a strawberry geranium—saxifraga sarmentosa--which creeps and sprouts new shoots at unexpected intervals throughout its lifetime, privacy in the United States has led a similar vine-like existence, creating a variety of different offshoots depending upon the particular climate of American life.
> Ken Gormley, One Hundred Years of Privacy, 1992 Wis.L.Rev. 1335, 1340 (1992).

Almost everything that can be said regarding the violation of an individual's privacy resulting from the government's search of the person's cell phone can be said about a search of a person's bank accounts. One can even trace their movements through time through their debit card charges. Consequently, to the extent that it is reasonable for society to expect that the government have a search warrant as a condition of invading that zone of privacy, the same could be said of searches of an individual's banking records. As a result of the Court's reasoning in *Riley*, this Court should hold that *Miller's* narrow view of society's expectations of privacy is no longer valid.5

### III.

### EVEN IF THIS COURT ORDERS THE SUMMONS ENFORCED THE SUMMONS TO WELLS FARGO BANK MUST BE REDACTED IN ORDER TO PRESERVE THE ATTORNEY CLIENT PRIVILEGE ATTENDANT TO GREGORY E. SCHWARTZ P.A. TRUST ACCOUNT

The summons to JP MORGAN CHASE is for the records of the JC LAW PA Trust Accounts. Because these records pertain to various clients of JC LAW PA, counsel should be given the opportunity to redact the information in order to preserve the Attorney Client privilege.

### IV.

### REQUEST FOR ATTORNEY'S FEES

Should this Court grant the relief requested herein and quash the summons, we request that this Court award reasonable attorney's fees and administrative costs incurred in the connection with these proceedings.

Respectfully submitted, 8/4/2015
/s /JANET C. TACORONTE.FBN 676608
JC LAW PA
7900 OAK LANE, SUITE 400
MIAMI LAKES, FL 33016
3058225513
ESERVICE@JCLAWMIAMI.COM

**CERTIFICATE OF SERVICE I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and by mail to Agent CHRISTOPHER CAVALLO, IRS, 7850 SW 6TH COURT MS5290, PLANTATION, FL 33324-3202, JP MORGAN CHASE, Custodian of Records, 7610 WEST WASHINGTON STREET, INDIANAPOLIS, IN 46231,Civil Process Clerk, U.S. Attorney Office, 99 NE 4th Street, Miami, Florida, 33132 this 31 of July.



# Financial Records Summons

In the matter of  MRS JANET C TACORONTE, PRESIDENT, JC LAW PA, 8201 PETERS ROAD, PLANTATION, FL 33324-3265
Internal Revenue Service *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED
Periods:  See Attachment 1 to Summons Form 6639 for Period Information

### The Commissioner of Internal Revenue

To:  J.P. MORGAN CHASE BANK, N.A.
At:  7610 WEST WASHINGTON ST,  INDIANAPOLIS, IN  46231

You are hereby summoned and required to appear before CHRISTOPHER G CAVALLO, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown.
**Copies of documents and records that you possess or control that concern banking matters of the taxpayer named above, as described in the subparagraphs checked below for the periods shown:**

☒ Bank signature cards of *(Entity Name)*  JC LAW PA
  in effect from 07/01/2013 to 06/30/2015

☒ Corporate resolutions of *(Entity Name)*  JC LAW PA
  in effect from 07/01/2013 to 06/30/2015

☐ Bank statements of *(Entity Name)* _____
  from  to

☒ *(Number)* 3 Cancelled checks issued each month by taxpayer for *(Entity Name)*  JC LAW PA
  during each month of the period from 07/01/2013 to 06/30/2015.   ☒ Front of Checks Only     ☐ Both Front and Back of Checks

☒ Loan applications, agreements, and related records, *(including corporate financial statements)*, submitted by, entered into by, or in effect regarding *(Entity Name)*  JC LAW PA
  from  07/01/2013 to 06/30/2015

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:

7850 S. W. 6TH COURT,  MS 5290,  PLANTATION  FL  33324-3202  (954) 423-7569 -

Place and time for appearance at:   7850 S. W. 6TH COURT,  MS 5290,  PLANTATION, FL  33324-3202

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.ustreas.gov
Form 6639 (Rev. 8-2010)
Catalog Number 25400I

on the  17th  day of  August  ,  2015  at  8:00  o'clock  a  m.
Issued under authority of the Internal Revenue Code this  16th  day of  July _____ , 2015

CHRISTOPHER G CAVALLO _____    REVENUE OFFICER
Signature of issuing officer                                                        Title

_____    GROUP MANAGER
Signature of Approving Officer *(if applicable)*                      Title

Part C -- to be given to noticee



# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.--
  (1) General Notice.--An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
  (2) Notice of specific contacts.--The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
  (3) Exceptions.--This subsection shall not apply--
    (A) to any contact which the taxpayer has authorized,
    (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
    (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.--
  (1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
  (2) Justice Department referral in effect.--For purposes of this subsection--
    (A) In general.--A Justice Department referral is in effect with respect to any person if--
      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
    (B) Termination.--A Justice Department referral shall cease to be in effect with respect to a person when--
      (i) the Attorney General notifies the Secretary, in writing, that--
        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
        (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
        (III) he will discontinue such a grand jury investigation.
      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
  (3) Taxable years, etc., treated separately.--For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income.--The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

**Authority to examine books and witnesses is also provided under sec. 6420(e)(2)--Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.**

* * * * *

## Sec. 7603. Service of summons

(a) In general--A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.

(b) Service by mail to third-party recordkeepers.--
  (1) In general.--A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
  (2) Third party recordkeeper.--For purposes of paragraph (1), the term *third-party recordkeeper* means--
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));
    (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
    (C) any person extending credit through the use of credit cards or similar devices;
    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
    (E) any attorney;
    (F) any accountant;
    (G) any barter exchange (as defined in section 6045(c)(3));
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
    (I) any enrolled agent; and
    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

* * * * *

## Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

---

[1] Or United States magistrate, pursuant to P. L. 90-578.

## Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--
  (1) fees and mileage to persons who are summoned to appear before the Secretary, and
  (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if--
  (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
  (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form **6639** (Rev. 8-2010)

**To:** MRS JANET C TACORONTE

**Date:**

**Address:** 9310 NW 39TH ST, SUNRISE, FL 33351-0000

JUL 16 2015

Enclosed is a copy of a summons served by the IRS to examine records or to request testimony relating to records which have been made or kept of your business transactions or affairs by the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



**Department of the Treasury**
**Internal Revenue Service**

www.irs.ustreas.gov

Form 6639 (Rev. 8-2010)
Catalog Number 25400I

**Part D -- to be given to noticee**

## Sec. 7609. Special procedures for third-party summons

(a) Notice--
  (1) In general.--If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
  (2) Sufficiency of notice.--Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
  (3) Nature of summons.--Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.--
  (1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right intervene in any proceeding with respect to the enforcement of such summons under section 7604.
  (2) Proceeding to quash.--
    (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
    (B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
    (C) Intervention, etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.--
  (1) In general.--Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7612.
  (2) Exceptions.--This section shall not apply to any summons
    (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
    (B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
    (C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
    (D) issued in aid of the collection of--
      (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or
      (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).
    (E)-- (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
      (ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or
    (F) described in subsection (f) or (g).
  (3) Records.-- For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records.--No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--
  (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
  (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.--
  (1) Subsection (b) action.--If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
  (2) Suspension after 6 months of service of summons.--In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period--
    (A) beginning on the date which is 6 months after the service of such summons, and
    (B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons.--
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that--
  (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
  (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
  (3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.--
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc.--
  (1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
  (2) Special rule for proceedings under subsections (f) and (g).--The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party.--
  (1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
  (2) Secretary may give summoned party certificate.--The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
  (3) Protection for summoned party who discloses.--Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
  (4) Notice of suspension of statute of limitations in the case of a John Doe summons.--In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required.--
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by section 7601 and 7602.

Form **6639** (Rev. 8-2010)

# Attachment 1 to Summons Form 6639

In the matter of  **MRS JANET C TACORONTE, PRESIDENT, JC LAW PA**


Period information:  Form 1120 for the fiscal periods ending December 31, 2010 and December 31, 2011 and Form 941 for the quarterly periods ending September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, September 30, 2014, December 31, 2014 and March 31, 2015